1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   JOE LOREDO,                                1:13-cv-00250-LJO-BAM (HC)

10                         Petitioner,         FINDINGS AND RECOMMENDATION
                                               REGARDING PETITION FOR WRIT OF
11          v.                                 HABEAS CORPUS

12                                             [ECF No. 1]
     CONNIE GIPSON,
13
                          Respondent.
14   _____/

15          Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28
16   U.S.C. § 2254.
17          On February 11, 2013, Petitioner filed the instant petition for writ of habeas corpus in
18   the Sacramento Division of this Court.  On February 19, 2013, the petition was transferred to the
19   Fresno Division.
20          In the petition, Petitioner claims the application of California Penal Code § 2933.6 by the
21   California Department of Corrections and Rehabilitation ("CDCR") with respect to his gang
22   validation violates the Ex Post Facto Clause.  Further, he alleges the application of California
23   Penal Code § 2933.6 to his sentence violates the terms of his plea agreement.
24          Petitioner sought review for his claims in the Tulare County Superior Court, California
25   Court of Appeal, Fifth Appellate District, and California Supreme Court.  See Petition at 3.
26   ///
27   ///
28

                                                 1

**DISCUSSION**

A.   Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.   Standard of Review

Where a petitioner files his federal habeas petition after the effective date of the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that the state court's adjudication of his claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of [the Supreme] Court." Harrington v. Richter, ––– U.S. –––, 131 S.Ct. 770, 785, 178 L.Ed.2d 624 (2011), citing 28 U.S.C. § 2254(d)(1) and Williams v. Taylor, 539 U.S. 362, 412 (2000). Habeas relief is also available if the state court's decision "involved an unreasonable application" of clearly established federal law, or "was based on an unreasonable determination of the facts" in light of the record before the state court. Richter, 131 S.Ct. 785, citing 28 U.S.C. § 2254(d)(1), (d)(2)). "[C]learly established ... as determined by" the Supreme Court "refers to the holdings, as opposed to the dicta, of th[at] Court's decisions as of the time of

1    the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412. Therefore, a "specific"

2    legal rule may not be inferred from Supreme Court precedent, merely because such rule might be

3    logical given that precedent. Rather, the Supreme Court case itself must have "squarely"

4    established that specific legal rule. Richter, 131 S.Ct. at 786; Knowles v. Mirzayance, 556 U.S.

5    111, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251 (2009). Moreover, the Supreme Court itself must

6    have applied the specific legal rule to the "context" in which the Petitioner's claim falls. Premo v.

7    Moore, —— U.S. ——, 131 S.Ct. 733, 737, 178 L.Ed.2d 649 (2011). Under § 2254(d)(1), review

8    is limited to the record that was before the state court adjudicated the claim on the merits. Cullen

9    v. Pinholster, —— U.S. ——, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011). "A state court's

10   determination that a claim lacks merits precludes federal habeas relief so long as 'fairminded

11   jurists could disagree' on the correctness of the state court's decision." Richter, 131 S.Ct. at 786.

12        "Factual determinations by state courts are presumed correct absent clear and convincing

13   evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court

14   and based on a factual determination will not be overturned on factual grounds unless objectively

15   unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)."

16   Miller–El v. Cockrell, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Both

17   subsections (d)(2) and (e)(1) of § 2254 apply to findings of historical or pure fact, not mixed

18   questions of fact and law. See Lambert v. Blodgett, 393 F.3d 943, 976–77 (2004).

19        Further, federal habeas courts review the last reasoned state court opinion. See Ylst v.

20   Nunnemaker, 501 U.S. 979, 803 (1991). However, "[w]here a state court's decision is

21   unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing

22   there was no reasonable basis for the state court to deny relief." Richter, 131 S.Ct. at 784.

23   C.    Ex Post Facto

24        Petitioner contends that the January 25, 2010, amendment to California Penal Code

25   § 2933.6, which denies credits to inmates who are validated prison-gang associates and who are

26   housed in the security housing unit, violates the Ex Post Facto Clause because it changes the

27   consequences of his 2009 gang validation to his disadvantage by denying him the ability to earn

28   credits against his sentence, thereby lengthening his sentence by approximately 2 years.

1    On January 25, 2010, California Penal Code section 2933.6(a), regarding sentence

2    reduction conduct credits, was amended to read:

3         (a) Notwithstanding any other law, a person who is placed in a Security Housing Unit,
          Psychiatric Services Unit, Behavioral Management Unit, or an Administrative
4         Segregation Unit for misconduct described in subdivision (b) or upon validation as a
          prison gang member or associate is ineligible to earn [sentence reduction conduct] credits
5         pursuant to Section 2933 or 2933.05 during the time he or she is in the Security Housing
          Unit, Psychiatric Services Unit, Behavioral Management Unit, or the Administrative
6         Segregation Unit for that misconduct.

7    In order for a law to be ex post facto, it must be both disadvantageous to the offender and

8    retrospective. Weaver v. Graham, 450 U.S. 24, 29, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). To

9    determine if a law is retrospective, "[t]he critical question is whether the law changes the legal

10   consequences of acts completed before its effective date." Id. at 31.

11   In Weaver, the Court noted "the ex post facto prohibition ... forbids the imposition of

12   punishment more severe than the punishment assigned by law when the act to be punished

13   occurred." 450 U.S. at 30. At the time Weaver was convicted of his commitment offense, he was

14   eligible for a specific number of gain-time credits awarded for good conduct. However, two years

15   into his prison sentence, Florida reduced the number of gain-time credits inmate Weaver could

16   accrue. As a result, inmate Weaver was "disadvantaged by the reduced opportunity to shorten his

17   time in prison simply through good conduct." Id. at 33–34.  The amendment reduced inmate

18   Weaver's credits through no fault of his own.  The only conduct triggering the application of the

19   gain-time statute to inmate Weaver was his commission of the commitment offense, which took

20   place two years prior to the amendment.  Thus, the new law effectively lengthened inmate

21   Weaver's prison term.

22   In Lynce, the Supreme Court applied the two-part test set forth in Weaver to determine if

23   a Florida law which revoked overcrowding credits that had already been awarded was ex post

24   facto. Lynce v. Mathis, 519 U.S. 433, 441, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997). The Court held

25   the new law "retroactively cancelled all provisional credits awarded to inmates convicted of

26   murder or attempted murder." Id. at 436.  The law clearly disadvantaged inmate Lynce because it

27   "had the effect of lengthening [Lynce's] period of incarceration." Id. at 443. As in Weaver, the

28   only conduct triggering the new application of the law was the commission of the crime years

4

1    earlier.

2         In this instance, unlike the amendments in <u>Weaver</u> and <u>Lynce</u>, Section 2933.6 is not ex

3    post facto because it is not retrospective, i.e., it does not punish inmates for conduct that was

4    completed before the effective date of the amendment-January 25, 2010.  Cal. Penal Code §

5    2933.6(a); <u>Kansas v. Hendricks</u>, 521 U.S. 346, 370–371, 117 S.Ct. 2072, 138 L.Ed.2d 501

6    (1997) (holding Kansas' Sexually Violent Predator Act is not an ex post facto law because,

7    among other reasons, it is not retrospective since it permits involuntary confinement based on a

8    determination of current mental disorder "and does not criminalize conduct legal before its

9    enactment, nor deprive [petitioner] of any defense that was available to him at the time of his

10   crimes.") The amendment to the law applies to Petitioner because of his continued association

11   with the Northern Structure prison gang *after* January 25, 2010. Cal.Penal Code § 2933.6(a). <u>See</u>

12   Petition, Exs. C, E, F.  Petitioner is not being denied the privilege to earn credits after January 25,

13   2010, because of his pre-January 25, 2010, conduct.  Rather, he is being denied the privilege to

14   earn credits after January 25, 2010, because of his conduct after January 25, 2010.  If Petitioner

15   had not been an active associate of the gang after January 25, 2010, the law would not apply to

16   him. <u>Id.</u>

17        Furthermore, the fact that Petitioner was validated as a prison gang associate before

18   January 25, 2010 is of no consequence to the ex post facto analysis here because the conduct

19   being punished -active association with a prison gang- is continuing in nature and has continued

20   after January 25, 2010. <u>See e.g.</u>, <u>Madrid v. Gomez</u>, 889 F.Supp. 1146, 1270–1279 (N.D.Cal.

21   1995) (upholding the gang validation process and the accompanying periodic reviews to ensure

22   inmates are properly placed in the security housing unit based on their continuing gang

23   affiliation); Cal. Code Regs. tit. 15, § 3378(c)(1) (defining current prison gang activity "as any

24   documented gang activity within the past six (6) years.")  Thus, there is no merit to Petitioner's

25   claim that section 2933.6 is an ex post facto law violation, and the state court determinations

26   Petitioner challenges were not contrary to or an unreasonable application of existing Supreme

27   Court precedent.  Nor has Petitioner set forth clear and convincing evidence that the state courts

28   made any factual errors.

1  D.      Breach of Plea Bargain/Due Process Violation

2          Petitioner also claims that the denial of the right to earn good conduct credits post-

3  January 25, 2010, breaches the plea agreement he entered into with respect to his underlying

4  conviction.  Petitioner claims he pleaded guilty and agreed to a term of 13 years. See Petition at

5  8.  He further claims he was guaranteed a 15% credit reduction provided he did not commit any

6  acts of misconduct while in prison.  Id.

7          A criminal defendant has a due process right to enforce the terms of a plea agreement.

8  Doe v. Harris, 640 F.3d 972, 975 (9th Cir. 2011) (citing Santobello v. New York, 404 U.S. 257,

9  261 (1971).  Plea agreements are contractual in nature and are to be construed under ordinary

10  contractual interpretation of state law.  Doe, 640 F.3d at 975; Buckley v. Terhune, 441 F.3d 688,

11  695 (9th Cir. 2006) (en banc).  Under California law, the court construes the plain language of

12  the contract and considers the objectively reasonable expectations of the promise.  Buckley, 441

13  F.3d at 695.

14          Assuming Petitioner's contention to be true, the plea agreement was not breached because

15  Petitioner's status post-January 25, 2010, was a result of "his behavior, which resulted in his

16  validation as a member of the Northern Structure prison gang, which poses a threat to the safety

17  and security of the institution." See Petition, Ex. A.  Contrary to Petitioner's assertions, active

18  membership in a prison gang is indeed an act of misconduct.  "Gangs, as defined in [California

19  Code of Regulations, title 15] section 3000, present a serious threat to the safety and security of

20  California prisons," and "[i]nmates and parolees shall not knowingly promote, further or assist

21  any gang as defined in section 3000." In re Furnace, 185 Cal.App.4th 649, 657, 110 Cal.Rptr.3d

22  820 (2010).  Pursuant to Cal. Code of Regs, title 15, section 3000, California courts have

23  determined that validation as an active member of a prison gang constitutes an act of misconduct.

24  See In re Sampson, 197 Cal. App. 4th 1234, 1242, 130 Cal. Rptr. 3d 39, 45 (2011), as modified

25  (July 28, 2011), review denied (Nov. 2, 2011).  In addition, Petitioner can drop out of his prison

26  gang and restore his credit eligibility at any time by completing the debriefing process. Cal. Penal

27  Code § 2933.6(a); Cal.Code Regs. tit. 15, § 3378.1.  Accordingly, it is Petitioner's own

28  misconduct which resulted in his retention in the Security Housing Unit and which resulted in a

6

1  reduction of his credit earning status.  Therefore, Petitioner's fails to demonstrate a due process

2  violation on the claim that his plea agreement was breached.

3  <center>**RECOMMENDATION**</center>

4      Accordingly, IT IS HEREBY RECOMMENDED that:

5      1.      The petition for writ of habeas corpus is DISMISSED; and

6      2.      The Clerk of Court be directed to terminate this action.

7      This Findings and Recommendation is submitted to the assigned United States District

8  Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

9  Rules of Practice for the United States District Court, Eastern District of California.  Within

10  thirty (30) days after being served with a copy, any party may file written objections with the

11  court and serve a copy on all parties.  Such a document should be captioned "Objections to

12  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served

13  and filed within fourteen (14) days after service of the objections.  The Court will then review the

14  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that

15  failure to file objections within the specified time may waive the right to appeal the District

16  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17      IT IS SO ORDERED.

18  **Dated:**   **March 25, 2013**      **/s/ Barbara A. McAuliffe**
                                            UNITED STATES MAGISTRATE JUDGE