# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE LOREDO, | 1:13-cv-00250-LJO-BAM (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| CONNIE GIPSON, | [ECF No. 1] |
| Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On February 11, 2013, Petitioner filed the instant petition for writ of habeas corpus in the Sacramento Division of this Court. On February 19, 2013, the petition was transferred to the Fresno Division.

In the petition, Petitioner claims the application of California Penal Code § 2933.6 by the California Department of Corrections and Rehabilitation ("CDCR") with respect to his gang validation violates the Ex Post Facto Clause. Further, he alleges the application of California Penal Code § 2933.6 to his sentence violates the terms of his plea agreement.

Petitioner sought review for his claims in the Tulare County Superior Court, California Court of Appeal, Fifth Appellate District, and California Supreme Court. See Petition at 3.

///

///

**DISCUSSION**

A.  <u>Preliminary Review of Petition</u>

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

B.  <u>Standard of Review</u>

Where a petitioner files his federal habeas petition after the effective date of the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of [the Supreme] Court." <u>Harrington v. Richter</u>, ––– U.S. ––––, 131 S.Ct. 770, 785, 178 L.Ed.2d 624 (2011), *citing* 28 U.S.C. § 2254(d)(1) *and* <u>Williams v. Taylor</u>, 539 U.S. 362, 412 (2000). Habeas relief is also available if the state court's decision "involved an unreasonable application" of clearly established federal law, or "was based on an unreasonable determination of the facts" in light of the record before the state court. <u>Richter</u>, 131 S.Ct. 785, *citing* 28 U.S.C. § 2254(d)(1), (d)(2)). "[C]learly established ... as determined by" the Supreme Court "refers to the holdings, as opposed to the dicta, of th[at] Court's decisions as of the time of

the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412. Therefore, a "specific" legal rule may not be inferred from Supreme Court precedent, merely because such rule might be logical given that precedent. Rather, the Supreme Court case itself must have "squarely" established that specific legal rule. Richter, 131 S.Ct. at 786; Knowles v. Mirzayance, 556 U.S. 111, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251 (2009). Moreover, the Supreme Court itself must have applied the specific legal rule to the "context" in which the Petitioner's claim falls. Premo v. Moore, ––– U.S. ––––, 131 S.Ct. 733, 737, 178 L.Ed.2d 649 (2011). Under § 2254(d)(1), review is limited to the record that was before the state court adjudicated the claim on the merits. Cullen v. Pinholster, ––– U.S. ––––, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011). "A state court's determination that a claim lacks merits precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Richter, 131 S.Ct. at 786.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)." Miller–El v. Cockrell, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Both subsections (d)(2) and (e)(1) of § 2254 apply to findings of historical or pure fact, not mixed questions of fact and law. See Lambert v. Blodgett, 393 F.3d 943, 976–77 (2004).

Further, federal habeas courts review the last reasoned state court opinion. See Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991). However, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Richter, 131 S.Ct. at 784.

C.   Ex Post Facto

Petitioner contends that the January 25, 2010, amendment to California Penal Code § 2933.6, which denies credits to inmates who are validated prison-gang associates and who are housed in the security housing unit, violates the Ex Post Facto Clause because it changes the consequences of his 2009 gang validation to his disadvantage by denying him the ability to earn credits against his sentence, thereby lengthening his sentence by approximately 2 years.

On January 25, 2010, California Penal Code section 2933.6(a), regarding sentence reduction conduct credits, was amended to read:

> (a) Notwithstanding any other law, a person who is placed in a Security Housing Unit, Psychiatric Services Unit, Behavioral Management Unit, or an Administrative Segregation Unit for misconduct described in subdivision (b) or upon validation as a prison gang member or associate is ineligible to earn [sentence reduction conduct] credits pursuant to Section 2933 or 2933.05 during the time he or she is in the Security Housing Unit, Psychiatric Services Unit, Behavioral Management Unit, or the Administrative Segregation Unit for that misconduct.

In order for a law to be ex post facto, it must be both disadvantageous to the offender and retrospective. Weaver v. Graham, 450 U.S. 24, 29, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). To determine if a law is retrospective, "[t]he critical question is whether the law changes the legal consequences of acts completed before its effective date." Id. at 31.

In Weaver, the Court noted "the ex post facto prohibition ... forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred." 450 U.S. at 30. At the time Weaver was convicted of his commitment offense, he was eligible for a specific number of gain-time credits awarded for good conduct. However, two years into his prison sentence, Florida reduced the number of gain-time credits inmate Weaver could accrue. As a result, inmate Weaver was "disadvantaged by the reduced opportunity to shorten his time in prison simply through good conduct." Id. at 33–34.  The amendment reduced inmate Weaver's credits through no fault of his own.  The only conduct triggering the application of the gain-time statute to inmate Weaver was his commission of the commitment offense, which took place two years prior to the amendment.  Thus, the new law effectively lengthened inmate Weaver's prison term.

In Lynce, the Supreme Court applied the two-part test set forth in Weaver to determine if a Florida law which revoked overcrowding credits that had already been awarded was ex post facto. Lynce v. Mathis, 519 U.S. 433, 441, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997). The Court held the new law "retroactively cancelled all provisional credits awarded to inmates convicted of murder or attempted murder." Id. at 436.  The law clearly disadvantaged inmate Lynce because it "had the effect of lengthening [Lynce's] period of incarceration." Id. at 443. As in Weaver, the only conduct triggering the new application of the law was the commission of the crime years

earlier.

In this instance, unlike the amendments in Weaver and Lynce, Section 2933.6 is not ex post facto because it is not retrospective, i.e., it does not punish inmates for conduct that was completed before the effective date of the amendment-January 25, 2010.  Cal. Penal Code § 2933.6(a); Kansas v. Hendricks, 521 U.S. 346, 370–371, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997) (holding Kansas' Sexually Violent Predator Act is not an ex post facto law because, among other reasons, it is not retrospective since it permits involuntary confinement based on a determination of current mental disorder "and does not criminalize conduct legal before its enactment, nor deprive [petitioner] of any defense that was available to him at the time of his crimes.") The amendment to the law applies to Petitioner because of his continued association with the Northern Structure prison gang *after* January 25, 2010. Cal.Penal Code § 2933.6(a). See Petition, Exs. C, E, F.  Petitioner is not being denied the privilege to earn credits after January 25, 2010, because of his pre-January 25, 2010, conduct.  Rather, he is being denied the privilege to earn credits after January 25, 2010, because of his conduct after January 25, 2010.  If Petitioner had not been an active associate of the gang after January 25, 2010, the law would not apply to him. Id.

Furthermore, the fact that Petitioner was validated as a prison gang associate before January 25, 2010 is of no consequence to the ex post facto analysis here because the conduct being punished -active association with a prison gang- is continuing in nature and has continued after January 25, 2010. See e.g., Madrid v. Gomez, 889 F.Supp. 1146, 1270–1279 (N.D.Cal. 1995) (upholding the gang validation process and the accompanying periodic reviews to ensure inmates are properly placed in the security housing unit based on their continuing gang affiliation); Cal. Code Regs. tit. 15, § 3378(c)(1) (defining current prison gang activity "as any documented gang activity within the past six (6) years.")  Thus, there is no merit to Petitioner's claim that section 2933.6 is an ex post facto law violation, and the state court determinations Petitioner challenges were not contrary to or an unreasonable application of existing Supreme Court precedent.  Nor has Petitioner set forth clear and convincing evidence that the state courts made any factual errors.

5

D.      Breach of Plea Bargain/Due Process Violation

Petitioner also claims that the denial of the right to earn good conduct credits post-January 25, 2010, breaches the plea agreement he entered into with respect to his underlying conviction. Petitioner claims he pleaded guilty and agreed to a term of 13 years. See Petition at 8. He further claims he was guaranteed a 15% credit reduction provided he did not commit any acts of misconduct while in prison. Id.

A criminal defendant has a due process right to enforce the terms of a plea agreement. Doe v. Harris, 640 F.3d 972, 975 (9th Cir. 2011) (citing Santobello v. New York, 404 U.S. 257, 261 (1971). Plea agreements are contractual in nature and are to be construed under ordinary contractual interpretation of state law. Doe, 640 F.3d at 975; Buckley v. Terhune, 441 F.3d 688, 695 (9th Cir. 2006) (en banc). Under California law, the court construes the plain language of the contract and considers the objectively reasonable expectations of the promise. Buckley, 441 F.3d at 695.

Assuming Petitioner's contention to be true, the plea agreement was not breached because Petitioner's status post-January 25, 2010, was a result of "his behavior, which resulted in his validation as a member of the Northern Structure prison gang, which poses a threat to the safety and security of the institution." See Petition, Ex. A. Contrary to Petitioner's assertions, active membership in a prison gang is indeed an act of misconduct. "Gangs, as defined in [California Code of Regulations, title 15] section 3000, present a serious threat to the safety and security of California prisons," and "[i]nmates and parolees shall not knowingly promote, further or assist any gang as defined in section 3000." In re Furnace, 185 Cal.App.4th 649, 657, 110 Cal.Rptr.3d 820 (2010). Pursuant to Cal. Code of Regs, title 15, section 3000, California courts have determined that validation as an active member of a prison gang constitutes an act of misconduct. See In re Sampson, 197 Cal. App. 4th 1234, 1242, 130 Cal. Rptr. 3d 39, 45 (2011), as modified (July 28, 2011), review denied (Nov. 2, 2011). In addition, Petitioner can drop out of his prison gang and restore his credit eligibility at any time by completing the debriefing process. Cal. Penal Code § 2933.6(a); Cal.Code Regs. tit. 15, § 3378.1. Accordingly, it is Petitioner's own misconduct which resulted in his retention in the Security Housing Unit and which resulted in a

reduction of his credit earning status. Therefore, Petitioner's fails to demonstrate a due process violation on the claim that his plea agreement was breached.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus is DISMISSED; and

2. The Clerk of Court be directed to terminate this action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 25, 2013**                    **/s/ Barbara A. McAuliffe**
                                                          UNITED STATES MAGISTRATE JUDGE